JUSTICE BAKER,
concurring.
¶39 While I continue to believe that Stiffarm was wrongly decided, it now represents the law as determined by this Court. The “concerns for stability, predictability and equal treatment’ in the law” I voiced in Stiffarm (¶ 22 (Baker, J., dissenting) (quoting Formicove, Inc. v. Burlington N., 207 Mont. 189, 194, 673 P.2d 469, 472 (1983)), would not be served by overruling it, as the State advocates we do in this case. The legislature quickly changed the statute to leave no doubt about the intent we ascribed to it for many years. Continuing the roller coaster at this point would advance little purpose. Rather, for the reasons stated by the Court, I concur that Stiffarm’s application should be prospective only. The petition to revoke Cook’s suspended sentence was filed properly according to the law in effect at the time of Cook’s crimes, the law in effect at the time of revocation, and the law in effect now. For that reason, I join the Court’s opinion here.
JUSTICE RICE joins in the concurring Opinion of JUSTICE BAKER.